UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60634-CIV-MARRA/JOHNSON

SYLVIA SILVER,

      Plaintiff,

vs.

DR. NEAL KROUSE, D.O., P.A.,
a Florida corporation d/b/a MEDICAL
CARE OF FLORIDA and NEAL F.
KROUSE, individually

      Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion for Summary Judgment [DE 36].

The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

The facts, as culled from affidavits and answers to interrogatories and reasonably inferred

therefrom in a light most favorable to the non-moving party, for the purposes of this Summary

Judgment Motion, are as follows:[1]

Plaintiff was employed by Defendants from approximately April of 2003 through

October 27, 2004 as a medical assistant. (Aff. of Sylvia Silver ¶ 4, DE 36-2.)  Her responsibilities

---

[1] The Court granted Defendants' counsel motion to withdraw on April 17, 2007 [DE 26].
The Court informed Defendant Neal Krouse ("Krouse") that he could retain new counsel or
proceed pro se. Additionally, the Court ordered corporate Defendant Dr. Neal Krouse, D.O.,
P.A., a Florida corporation, d/b/a Medical Care of Florida ("Medical Care"), to retain counsel.
Since that date, no counsel has filed a notice of appearance.  The Court issued its Notice of
Summary Judgment informing the individual pro se Defendant, Neal Krouse, of the deadlines
associated with this pending motion for summary judgment.  Neither Defendant has filed a
response to the motion for summary judgment and these facts are therefore deemed admitted.

included performing patient vitals, filing, lab work, handling patient referrals and performing any other necessary tasks to prepare patients for their doctor's visit. (Aff. of Sylvia Silver ¶ 4.)

Medical Care's annual sales volume for the past three years exceeded $500,000.00. (Pl. Req. for Admis., Req. No. 10; Def. Resp. to Admis, dated June 30, 2006, DE 36-2.)  Dr. Krouse regularly hired and fired employees of Medical Care, determined the work schedules of other employees of Medical Care and controlled the finances and operations of Medical Care. (Aff. of Sylvia Silver ¶ 5.)  Plaintiff was not required to punch a time clock, complete a time sheet and/or otherwise record her hours. (Aff. of Sylvia Silver ¶ 6.) Plaintiff was paid on an hourly basis and, when she worked in excess of forty hours a week, she was paid her regular rate of pay for each hour worked, via a separate company check. (Aff. of Sylvia Silver ¶ 7.)  Plaintiff regularly worked in excess of forty hours a week and generally worked 50 hours a week. (Aff. of Sylvia Silver ¶ 6.)

II. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

2

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

III. Discussion

The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a)(1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage. Thorne v. All Restoration Svcs., Inc., 448 F.3d 1264, 1265 (11th Cir. 2006); Powell v. Morton Plant Mease Health Care, Inc., 174 Fed. Appx. 520, 521 (11th Cir. 2006); Alonso v. Garcia, 147 Fed. Appx. 815 (11th Cir. 2005) citing Dunlop v. Indus. America Corp., 516 F.2d 498 (5th Cir. 1975).[2]   While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. See Donovan v. Weber, 723 F.2d 1388, 1391-92 (8th Cir. 1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); see also Birdwell v. City of Gadsden, 970 F.2d 802, 807-08 (11th Cir. 1992) (under the FLSA, "[i]t is for the court to determine if a set of facts gives rise to liability"); Patel v. Wargo, 803 F.2d 632, 634 (11th Cir. 1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

To qualify for enterprise coverage, Defendants must "ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000."   29 U.S.C. § 203(s)(1)(A)(i) and (ii).  The phase "engaged in

_____

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

commerce" is interpreted broadly and liberally. <u>Alonso</u>, 147 Fed. Appx. at 816 <u>citing</u> <u>Brennan v.</u>

<u>Wilson Bldg., Inc.</u>, 478 F.2d 1090 (5th Cir. 1973).

      With respect to the payment of wages, "no employer shall employ any of his employees . .

. for a workweek longer than forty hours unless such employee receives compensation for his

employment in excess of the hours above specified at a rate not less than one and one-half times

the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  An employer is defined as "any

person acting directly or indirectly in the interest of an employer in relation to an employee."  29

U.S.C. § 203(d).  To determine whether an individual is an employer under the FLSA, the Court

should examine the "economic reality" of the relationship between the parties. <u>Villarreal v.</u>

<u>Woodham</u>, 113 F.3d 202, 205 (11th Cir. 1997).  The Court may look to several factors, including

whether the alleged employer "1) had the power to hire and fire the employees; 2) supervised and

controlled the employees' work schedules or conditions of employment; 3) determined the rate

and method of payment; and 4) maintained employment records."  <u>Id.</u>  Significant operational

control of a "corporation's day-to-day operations, including compensation of employees," gives

rise to a finding that the employer standard under the FLSA is met.  <u>Patel v. Wargo</u>, 803 F.2d

632, 638 (11th Cir.1986)  "To be personally liable, [that individual] must be either involved in

the day-to-day operation or have some direct responsibility for the supervision of the employee."

<u>Id.</u>

      Here, Defendants have admitted that Medical Care's annual sales volume for the past

three years exceeded $500,000.00. (Pl. Req. for Admis., Req. No. 10; Def. Resp. to Admis.,

dated June 30, 2006, DE 36.)   Moreover, Plaintiff has met the remaining prong of the enterprise

test.  The Court finds, based upon the unrebutted evidence of record, that Plaintiff's job duties,

which included performing patient vitals, filing, lab work, handling patient referrals and performing any other necessary tasks to prepare patients for their doctor's visit, involve working on goods or materials that have been moved in or produced for commerce.

Also undisputed is the evidence that Defendants paid Plaintiff an hourly wage, and when Plaintiff worked over 40 hours a week, she was not compensated at one and one-half times her regular rate of pay for which she was employed. (Aff. of Sylvia Silver ¶ 7.)  Plaintiff regularly worked fifty hours per week. (Aff. of Sylvia Silver ¶ 6.)  This is the only evidence before the Court regarding the amount of work performed by Plaintiff.  Significantly, Defendants have failed to come forward with any evidence of the "precise amount of work performed" by Plaintiff or "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946).  Under these circumstances, "the court may [ ] award damages to the employee, even though the result is only approximate." Id.  Nor can Defendants avoid liquidated damages, as they failed to meet their burden of proving that the FLSA violation was in good faith and predicated upon reasonable grounds.  Liquidated damages are mandatory absent a showing of good faith.  Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987).

Lastly, the evidence overwhelmingly establishes that Krouse is individually liable for the FLSA violations. Here, Krouse hired and fired employees, set the work schedules of the employees, and did not maintain time records for the hours worked by Plaintiff. (Aff. of Sylvia Silver ¶ 5-6.)  These duties clearly reflect Krouse's day-to-day control over the Medical Care and thus meets the standard for individual liability set forth by the Eleventh Circuit in Villarreal and Patel.

Accordingly, for the reasons discussed herein, the Court finds that Medical Care and Krouse violated FLSA's overtime provisions.  Plaintiff is entitled to unpaid compensation, liquidated damages and reasonable attorney's fees and costs.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 36] is **GRANTED**.  Plaintiff shall provide the Court with a proposed judgment **within 10 days of entry of the date of this Order** that includes the amount of Plaintiff's unpaid overtime compensation, liquidated damages and attorney's fees and costs. Plaintiff should attach records supporting the award for attorney's fees and costs.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November, 2007.

_____
KENNETH A.  MARRA
United States District Judge

Copies to:

All counsel of record